LILLIAN BALSAM, Appellant, v. NATIONAL RETAILERS MUTUAL INSURANCE COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, June 1, 1944.

*Abraham Elkins* for appellant.

*James B. Dooley* and *James H. Brassel* for respondent.

HECHT, J. The complaint alleges that defendant insured plaintiff's automobile against loss by theft; that thereafter plaintiff reported to defendant the theft of said automobile and filed proofs of loss; that her claim was investigated by defendant and adjusted in the sum of $650; that thereafter defendant agreed in writing to pay said sum of $650 upon the execution by plaintiff of a settlement and subrogation agreement; that such agreement drawn by defendant was accordingly executed by plaintiff and returned to defendant; and that plaintiff duly performed all conditions on her part, but that defendant defaulted in payment.

The moving affidavits verified the allegations of the complaint; and the written agreement by defendant, as alleged, is evidenced by a letter written by defendant to plaintiff stating: " We are enclosing herewith a settlement and subrogation agreement in the amount of $650 to be signed by the insured with her name in full, and should be witnessed and notarized.

After this has been fully executed kindly return it to this office and we shall promptly forward our draft in settlement." This was signed by " R. W. Solinger, claim department."

No issue of fact is presented by the denials in the answer. As defenses it is asserted therein that the complaint does not state facts sufficient to constitute a cause of action, and that at the time of the alleged loss plaintiff's automobile was being driven by an agent, servant or employee of the plaintiff with the permission of plaintiff or her agent.

Appellant asks for reversal under section 33-a of the Personal Property Law (as added by L. 1937, ch. 77) which provides:

" 1. Executory accord as used in this section means an agreement embodying a promise express or implied to accept at some future time a stipulated performance in satisfaction or discharge in whole or in part of any present claim, cause of action, contract, obligation, or lease, or any mortgage or other security interest in personal or real property, and a promise express or implied to render such performance in satisfaction or in discharge of such claim, cause of action, contract, obligation, lease, mortgage or security interest.

" 2. An executory accord, hereafter made, shall not be denied effect as a defense or as the basis of an action or counterclaim by reason of the fact that the satisfaction or discharge of the claim, cause of action, contract, obligation, lease, mortgage or other security interest which is the subject of the accord was to occur at a time after the making of the accord, provided the promise of the party against whom it is sought to enforce the accord is in writing and signed by such party.

" 3. If an executory accord is not performed according to its terms by one party, the other party shall be entitled either to assert his rights under the claim, cause of action, contract, obligation, lease, mortgage or other security interest which is the subject of the accord, or to assert his rights under the accord."

The new legislation was recommended in the following note of the Law Revision Commission in its 1937 Report (p. 203 et seq.):

" The reason for defining executory accord in this subdivision (1) is to exclude from the operation of subdivisions two and three the case where the parties agree to extinguish the existing obligation immediately on the making of the new promise.

" Under the common law of New York, if an obligee or claimant agrees to accept at some future time a stipulated performance in satisfaction or discharge of any obligation or claim, and the obligor or person against whom the claim is asserted agrees to render the stipulated performance, neither is bound until performance is fully made and accepted. Either party can enforce his rights under the original obligation or claim, notwithstanding the fact there has been no breach of the new agreement. The purpose of this subdivision (2) is to make executory agreement of accord binding on both parties, subject to the provision of subdivision 3."

In the absence of a showing of fraud or the like, I think, in the light of the statute, plaintiff has pleaded a good cause of action, and the proofs entitle her to summary judgment.

The order should be reversed, with ten dollars costs, and motion granted.

SHIENTAG and McLAUGHLIN, JJ., concur.

Order reversed, etc.